LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.

226 So.2d 333

**Henderson COLEMAN**

**v.**

**STATE of Alabama.**

**6 Div. 458.**

Supreme Court of Alabama.

Aug. 21, 1969.

William T. Kominos, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Carl E. Watson, Special Asst. Atty. Gen., for the State.

**·PER CURIAM.**

Appellant, an indigent, was indicted in Jefferson County for murder in the first degree. He was charged with murdering his wife. A jury returned a verdict against him for murder in the second degree and fixed his punishment at ninety-nine years imprisonment in the penitentiary of Alabama. The trial court entered a judgment responsive to the verdict. The defendant here appeals.

As we observe, the record is relatively free of objections to evidence. The rulings of the trial court on the few objections that were made appear to us to be correct and without injury to defendant. Counsel for appellant presents no contention that such rulings were erroneous. There were no exceptions to the oral charge of the trial court. Several written instructions were given at the request of defendant. It does not appear that any was given at the request of the state.

Briefly, the facts are that defendant's wife, with permission of defendant, rode off in an automobile with some other parties to get a "girl friend" for one of the occupants. When the group returned, after some delay, the deceased and the others sat in the automobile and talked. Defendant (the husband), who was on the front porch when his wife and her friends returned, went out to the automobile with his pistol. After some words, the pistol was fired in a manner that wounded the deceased. The defendant hailed a·taxicab and took·his wife to the hospital where she died from the inflicted wounds. Defendant contended at the trial that the shooting was accidental. The state contended that the defendant was incensed with his wife and deliberately fired the shot with intent to kill her. We omit further details of the evidence.

A jury, upon conviction of a defendant for murder in the first degree is under statutory mandate to fix the punishment at life imprisonment or death; for murder in the second degree, the jury is required to fix the punishment at imprisonment for not less than ten years. Title 14, Sec. 318, Code of Alabama 1940, Recompiled in 1958.

We are here concerned with the trial court's examination of the venire forming the jury to ascertain if any of them had a fixed opinion against capital or penitentiary punishment. Title 30, Sec. 57, Code 1940, Recompiled in 1958.

Responding to this qualifying inquiry, six members of the venire indicated an affirmative answer against capital or penitentiary punishment. The state challenged for cause each member so indicating. Each of the challenges was sustained and the veniremen were excused from sitting in judgment on the petit jury trying the case.

The defendant at the time objected to granting the challenges and took exception thereto. Counsel thereupon stated the grounds of his objections as follows:

"The defendant is entitled, constitutionally, to a trial by a jury of his peers who have all varied opinions relative to crime and punishment and guilt or innocence, and to strike from this panel all of those who have some qualms of conscience or some feelings relative to severity of punishment, is to unduly place upon this defendant a jury which possibly could be inclined towards a severity of punishment.

"That there has been no equalizing effort, or no equalizing act to strike from this jury those who might be unduly inclined towards a severity of punishment.

"And, in connection with that exception, we ask this Court to inquire of this jury, and those on it, exactly what are their feelings relative to capital punishment and under what conditions they would return a verdict involving capital punishment, whether they would do so lightly, so that this defendant and his counsel may be apprised of their feelings concerning the same."

"THE COURT: Of course, until the law is changed, the Court is going to continue to go by the law, that is, that it is proper to challenge for cause.

"At the time you are permitted to go into voir dire, you will be permitted to go into the question more thoroughly about their feelings in regard to punishment, so long as it is kept into the realm of what is proper.

"I overrule."

"MR. JOHN JENKINS: Reserve an exception."

The appellant here contends that the trial court committed prejudicial error in overruling his objections to granting the state's challenges. He cites Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed. 2d 776; People v. Bandhauer, 66 Cal.2d 524, 58 Cal.Rptr. 332, 426 P.2d 900, 905.

The record shows that defendant was convicted on March 23, 1967, at which time he was adjudged guilty and sentenced to imprisonment in the penitentiary for ninety-nine years.

The decision in Witherspoon v. Illinois, supra, decided June 3, 1968, does not have application in the instant case now before us on appeal. We quote from Bumper v. State of North Carolina, 391 U.S. 543, 545, 88 S.Ct. 1788, 1790, 20 L.Ed.2d 797, decided by the Supreme Court of the United States on June 3, 1968, as follows:

"In Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, we have held that a death sentence cannot constitutionally be executed if imposed by a jury from which have been excluded for cause those who, without more, are opposed to capital punishment or have conscientious scruples against imposing the death penalty. Our decision in *Witherspoon* does not govern the present case, because here the jury recommended a sentence of life imprisonment. The petitioner argues, however, that a jury qualified under such standards must necessarily be biased as well with respect to a defendant's guilt, and that his conviction must accordingly be reversed because of the denial of his right under the Sixth and Fourteenth Amendments to trial by an impartial jury. * * * We cannot accept that contention in the present case. The petitioner adduced no evidence to support the claim that a jury selected as this one was is necessarily 'prosecution prone,' and the materials referred to in his brief are no more substantial than those brought to our attention in *Witherspoon*. Accordingly, we decline to reverse the judgment of conviction upon this basis."

In view of the holding in Bumper v. State of North Carolina, supra, we hold that the trial court did not commit reversible error in sustaining the challenges for cause interposed by the state when the trial court was qualifying the jury. Accordingly, we refuse to reverse the judgment of conviction upon the basis asserted.

The record is free of prejudicial error. Section 389, Title 15, Code 1940, Recompiled in 1958. The judgment of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.