228 So.2d 837

**Gerald Thornton RUSSELL**

v.

**STATE.**

**6 Div. 7.**

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Rehearing Denied Nov. 4, 1969.

Fred Blanton and Morel Montgomery, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

**225**

PRICE, Presiding Judge.

Gerald Thornton Russell appeals from a judgment of conviction for the offense of murder in the second degree, with a penitentiary sentence of twenty years. The indictment charged murder in the first degree.

Appellant's counsel cites these three points for reversal:

"(A.) That the jury for determining innocence or guilt was not that fair and impartial tribunal guaranteed by the Sixth and Fourteenth Amendments, Constitution of the United States; (B) That the State failed totally to prove the cause of death, and, hence, that the evidence was not sufficient to convict; and (C) That the Alabama rule permitting a wife to testify against her husband over his objection violates that due process guaranteed to defendant husband by both the State and federal constitutions."

These propositions will be treated in the order in which they appear above.

The court sustained the state's challenge for cause of four members of the venire who indicated they had fixed opinions against capital punishment. Section 57, Title 30, Code 1940. Counsel cites Witherspoon v. Illinois, 391 U.S. 510, 88 S. Ct. 1770, 20 L.Ed.2d 776.

In Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, the court held that Witherspoon does not apply where the death penalty is not imposed. (See also Seals v. State, 282 Ala. 586, 213 So.2d 645.) In Bumper the court stated:

"The petitioner argues, however, that a jury qualified under such standards must necessarily be biased as well with respect to a defendant's guilt, and that his conviction must accordingly be reversed because of the denial of his right under the

Sixth and Fourteenth Amendments to trial by an impartial jury. (citing cases) * * * We cannot accept that contention in the present case. The petitioner adduced no evidence to support the claim that a jury selected as this one was is necessarily 'prosecution prone,' and the materials referred to in his brief are no more substantial than those brought to our attention in Witherspoon. Accordingly, we decline to reverse the judgment of conviction upon this basis."

In the present case no evidence was presented to support appellant's claim that the jury was biased with respect to his guilt.

The evidence for the state tends to show that defendant went to the home of his estranged wife where he engaged in an argument with his mother-in-law about a whipping she had given his son. The mother-in-law left the kitchen through a door leading into a bedroom. Defendant fired a .22 pistol at his mother-in-law or at the deceased, one Peoples, who was standing in the bedroom door. The pistol fired three times, then deceased grabbed a shotgun from behind the door and fired it, the shot striking defendant and another person who was standing on the porch. When the shotgun fired defendant's pistol fell to the floor. Defendant and deceased scuffled with the shotgun on the porch; defendant overpowered deceased, got the pistol from the floor and began beating Peoples in the face with it. When the fight was over defendant went away. Peoples walked or staggered into the kitchen and fell to the floor, where he died.

Officer Hart, a detective with the Birmingham Police Department, testified he saw the body of Charlie Lee Peoples shortly after the shooting. There were three bullet wounds, one in the left front part of the body, one in the upper lip, one in the right shoulder, and there were lacerations on the head.

Harry Freeman, deputy coroner of Jefferson County, testified he examined the body of deceased and found "a half-inch gash on the top of his head, on the right side. On his cheek he had a half-inch gash, and on the right side of his head, slightly to the rear, on top of the head, about a one-inch gash, and slightly above that he had about a quarter-inch gash." He also found three wounds made by a small caliber bullet. One went into the lip of the mouth and ranged upward into the head cavity; one was in the right shoulder and ranged straight; the third entered the chest and ranged "kind of straight."

■ Counsel contends the state failed to prove the cause of death as laid in the indictment, i. e., "by shooting him with a pistol;" hence the overruling of defendant's motion to exclude the state's evidence was reversible error. We find no merit in this contention. The evidence, which fully established the shooting of deceased by defendant, was sufficient to require its submission to the jury.

■ We find no merit in counsel's contention that defendant did not receive a fair trial because his wife was allowed to testify as a witness for the state against his objection.

Title 15, Section 311, Code of Alabama 1940, provides:

"The husband and wife may testify either for or against each other in criminal cases, but shall not be compelled so to do."

This statute allows the wife, if she so desires, to testify against the husband, notwithstanding his objection. McCoy v. State, 221 Ala. 466, 129 So. 21.

We find no reversible error in the record. The judgment is due to be and hereby is affirmed.

Affirmed.