237 So.2d 518

**Albert Sidney DENTON**

v.

**STATE.**

**I Div. 65.**

Court of Criminal Appeals of Alabama.

June 23, 1970.

Hartwell Davis, J. Paul Lowery, Montgomery, for petitioner.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Albert Sidney Denton was convicted in Baldwin County, Alabama, on March 26, 1954, for the offense of murder in the first degree. He was sentenced to life imprisonment in the penitentiary.

On appeal to the Supreme Court Denton's conviction was affirmed. Denton v. State, 263 Ala. 311, 82 So.2d 406.

A petition for writ of error coram nobis was filed in the Circuit Court of Baldwin County, Alabama, on August 14, 1969. A hearing was held on said petition and was denied by the court on November 11, 1969. Denton appeals.

The attorneys representing Denton in this proceeding are not the attorneys that represented him in the trial court on the murder charge.

Appellant's contentions will be considered in the order in which they appear in brief.

The first contention is that prior to questioning by law enforcement officers petitioner was not advised of his right to remain silent under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3rd 974.

The trial in this case was held in March of 1954. *Miranda*, supra, applies to trials begun after June 13, 1966. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Harris v. State, 280 Ala. 468, 195 So.2d 521; Mathis v. State, 280 Ala. 16, 189 So.2d 564; Clark v. State, 280 Ala. 493, 195 So.2d 786.

There was testimony at the original trial that two pistols were found in Denton's automobile at the time of his arrest in Gadsden, Alabama. Three days later he told FBI agents that he had had the guns in his possession since he bought them new, or that he knew where they were at all times. When asked whether he was worried about the charge against him in Bay Minette, he answered that he was not worried because his attorney had informed him that the guns were manufactured after the date of the alleged offense. We consider this as an exculpatory statement, rather than a confession.

Appellant's second contention is that the question of the voluntariness of the alleged confession was not determined outside the presence of the jury, under the rule laid down in the case of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908.

There is no showing that a request was made for the question of the voluntariness of the alleged confession to be determined outside the presence of the jury. Duncan v. State, 278 Ala. 145, 176 So.2d 840.

Appellant's third contention is that Section 57, Title 30, Code of Alabama, 1940, providing for challenge for cause by the state of a prospective juror who has a fixed opinion against capital punish-

ment has been held unconstitutional by the Supreme Court of the United States in the case of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776.

Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, held that the rule laid down in Witherspoon, supra, does not apply where the death penalty is not imposed. See also Seals v. State, 282 Ala. 586, 213 So.2d 645; Russell v. State, Ala. Cr.App., 45 Ala.App. 224, 228 So.2d 837. Moreover, there is no showing that any juror was challenged under the authority of Section 57, Title 30, Code, supra.

Appellant's fourth contention that the state failed to prove venue, was considered and decided by the Supreme Court on the original appeal from the judgment of conviction. Denton v. State, supra.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.