245 So.2d 832

**Charlie ANDERSON**

**v.**

**STATE.**

**6 Div. 180.**

Court of Criminal Appeals of Alabama.

March 2, 1971.

Calvin M. Howard, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Tabor R. Novak, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Robbery: life sentence.

## I

This appellant was indicted and convicted in the Birmingham Division of the Jefferson Circuit Court.

 He alleged, on motion for new trial, that Negroes were excluded from the jury. Pretermitting the absence of the expression "systematically," we note that no proof was tendered to establish this asseveration. Absent evidence the burden stayed with the appellant. Richardson v. State, 46 Ala. App. 277, 241 So.2d 119.

## II

 Whether or not veniremen are culled because of opposition to capital punishment, is immaterial where the defendant does not get a death sentence. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797; Coleman v. State, 284 Ala. 553, 226 So.2d 333; Russell v. State, 45 Ala.App. 224, 228 So.2d 837.

## III

 Roy Lee Crawford, a filling station manager, on the night of January 5, 1970, was knocked down and stomped in the face, part of the time covering his face with his hands. On January 7 he was photographed.

This picture, State's Exhibit 4, shows him seated holding his two bandaged hands. One eye is completely ringed with a bruise, the other has a smaller "mouse." There is a rather large bruise and laceration across the bridge of Crawford's nose.

The admission of this photograph was predicated on Crawford's testimony that he had looked in the mirror the seventh of January and that the picture correctly portrayed what he saw.

The photograph tends to show the amount and degree of force used on Crawford to make him part with his employer's money. The fact that it was taken afterwards was properly connected. We find

no error in its admission. See Hurst v. State, 277 Ala. 686, 174 So.2d 325.

## IV

 Defense counsel elected not to make an opening statement after the District Attorney finished his. Instead, he purported to reserve the time for such a statement after the State rested its case in chief.

When this time arrived the District Attorney objected to this as out of time. The trial judge sustained the objection.

We find no error. See Ala. Digest, Criminal Law, ☞704; Anno. 93 A.L.R.2d 951; Hawkins v. State, Fla., 199 So.2d 376; United States v. Conti, 2 Cir., 361 F. 2d 153. There is no Alabama statute or court rule to regulate the order of such statements.

Under Code 1940, T. 15, § 389, we have read the whole record and consider that the judgment below is due to be

Affirmed.