Melvin Lee Miles was convicted of assault in the first degree and was sentenced to five years' imprisonment. On this direct appeal from that conviction, the appellant argues that he was denied the effective assistance of trial counsel. This issue was first raised in a motion for new trial.
The appellant contends that his retained trial counsel did not investigate the witnesses, the crime scene, and the character witnesses, and that counsel had very little knowledge of the facts of the case.
Only two witnesses testified at the hearing on the motion for new trial: the appellant and his private investigator. The appellant testified, in effect, that he discussed this case only briefly with his attorney, who told him that it was not necessary to call any witnesses because "we had too strong of a case." R. 11. The single witness located by the private investigator was not "in town" and did not testify at the hearing on the motion for new trial. R. 25. There was no showing as to the expected testimony of this witness.
Trial counsel, who had been retained by the appellant, was not called as a witness; neither was Danny Josey, an alleged witness to the crime whose testimony the appellant contends would support his argument of self-defense. From the record, it appears that neither the appellant nor the appellant's newly retained counsel had talked to Josey since the time of the incident. The appellant could testify only that Josey had talked to the appellant's grandmother. R. 13.
During the hearing on the motion for new trial, the trial judge stated:
 "Why don't you have these people here? Why are they not here? You've got to — before I can — you can even present hearsay evidence, you've got to show why they are not here. . . . You've got to explain the absence of the witness. Like Mr. Josey, why was he not here? If he knew all of this and was not contacted by counsel, why is he not here now?" R. 23-24.
In his argument at the hearing on the motion for new trial, the appellant's present counsel made no detailed, specific showing of the expected testimony of each alleged witness. The testimony of these witnesses was discussed in only general terms. There were no affidavits offered. More significantly, there was no attempt to explain the absence of these allegedly important witnesses at the hearing on the motion for new trial.
Similar rules apply here as in the case of a motion for new trial on the ground of newly discovered evidence. "[T]he motion [for new trial] should set forth the names of *Page 702 
the witnesses who would testify to the facts alleged and be accompanied by the affidavits of said witnesses." National Sec.Ins. Co. v. Elliot, 276 Ala. 353, 355, 162 So.2d 449, 451
(1964). "[T]he names of the witnesses who would have deposed to the facts alleged to have been newly discovered should have been stated, and their affidavits, setting forth the facts to which they would testify, should have been taken and submitted on the motion, or the failure to take them should have been accounted for." McLeod v. Shelby Mfg. Improvement Co.,108 Ala. 81, 83, 19 So. 326, 327 (1896).
 "Where a motion for new trial on the ground of newly discovered evidence is contested, the burden is upon the movant to prove such new evidence in detail. . . . The proof of the nature of the newly discovered evidence is ordinarily presented to the trial court by the attachment of the affidavits of the witnesses to the motion for a new trial, or by an agreement or stipulation of the parties concerning those alleged facts, or by presenting the testimony of the witness either through discovery or ore tenus before the trial court."
Morris v. Morris, 521 So.2d 996, 997 (Ala.Civ.App. 1988). We know of no rule authorizing the admission of hearsay evidence at a hearing on a motion for new trial to prove the truth of the matter asserted. Compare Ohme v. Bisimanis, 222 Ala. 262,264, 132 So. 161, 162 (1931).
The appellant also contends that his trial counsel was ineffective in waiving youthful offender treatment on this assault charge. When a law enforcement officer confronted the appellant after this assault, diazepam was discovered in his possession. The appellant was also charged with a drug offense and, represented by the same retained trial counsel who represented him in this case, the appellant received youthful offender treatment on the drug charge. However, the appellant waived treatment as a youthful offender in this assault case because he wanted a jury trial. R. 20-21. In this regard, the trial court found: "Well, it appears to me that it was a trial tactic to try the case they thought they could win and ask for Youthful Offender on [the] one they thought they could not win, which was the dope case." R. 26.
 " '[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' [Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)]. Because of the diverse methodologies employed by defense counsel and the broad range of opinion about how to best address a particular situation, the burden is upon the defendant to overcome the presumption that the challenged action constitutes 'sound trial strategy.' Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). . . .
". . . .
 ". . . This Court cannot indulge in an intensive scrutiny of the motives for calling or failing to call certain witnesses. Such an inquiry would only discourage zealous advocacy and impair the independence of defense counsel. See Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Our inquiry, then, is not whether the acts or omissions of counsel were prudent, but whether they were reasonable.
". . . .
 ". . . Although [defense counsel] may not have conducted an exhaustive pretrial investigation, this does not necessarily lead to the conclusion that his actions cannot pass constitutional muster.
 ". . . Although the Sixth Amendment does impose on counsel an affirmative duty to investigate, this Court is hesitant to announce any mechanical rule that makes that duty absolute. Counsel's obligation is to conduct a 'substantial investigation into each of the plausible lines of defense. Strickland, 466 U.S. at 681, 104 S.Ct. at 2061.
 "A substantial investigation is just what the term implies; it does not demand that counsel discover every shred of evidence but that a reasonable inquiry into all plausible defense be made."
Ex parte Womack, 541 So.2d 47, 66, 69, 71 (Ala. 1988). "Even if the defendant's trial counsel was deficient in his investigation of the case, the defendant must still 'affirmatively *Page 703 
prove prejudice.' " Chappell v. State, 470 So.2d 1371, 1373
(Ala.Cr.App. 1985) (defendant failed to overcome presumption that trial counsel's failure to contact or subpoena two eyewitnesses to incident leading to charge of attempted murder could be considered sound trial strategy, in light of evidence that counsel could have decided not to investigate eyewitnesses' testimony because they would have corroborated state's evidence). See also Duncan v. State, 461 So.2d 906, 909
(Ala.Cr.App. 1984).
"The granting or denial of a new trial on the ground of newly discovered evidence is a matter left largely to the discretion of the trial judge, whose decision will be overturned only for an abuse of that discretion. . . . An appellate court, in reviewing a grant or denial of a new trial motion, is obliged to indulge every presumption in favor of the correctness of the trial court's decision." Ex parte Robinson, 565 So.2d 664, 667
(Ala. 1990). At a hearing on a motion for new trial, the defendant has the burden of proving the allegations of his motion to the satisfaction of the trial court. See Anderson v.State, 46 Ala. App. 546, 547, 245 So.2d 832, 833 (1971); Jonesv. State, 31 Ala. App. 504, 507, 19 So.2d 81, 84 (1944). " '[T]he [trial] court must believe the evidence presented at the hearing.' " Hope v. State, 521 So.2d 1383, 1387
(Ala.Cr.App. 1988). See also Kelly v. State, 423 So.2d 343, 345
(Ala.Cr.App. 1982). "The legal standard is that the granting of a new trial 'rests in the sound discretion of the trial court and depends largely on the credibility of the new evidence.' "Snider v. State, 473 So.2d 579, 580 (Ala.Cr.App. 1985).
For these reasons, we find that the trial court did not abuse its discretion in denying the appellant's motion for new trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.