A jury convicted Donald Ray Belue of first-degree rape, first-degree sodomy, and first-degree burglary, in violation of Ala. Code 1976, § 13A-6-61, 13A-6-63, and 13A-7-5. Under the Habitual Felony Offender Act, the circuit court sentenced him to life imprisonment without the possibility of parole and ordered him to pay $15,258.25 in restitution.
After Belue was sentenced, his trial attorney withdrew and the circuit court appointed a new attorney. The new attorney moved for a new trial, and the Circuit court scheduled a hearing on the motion. The attorney also filed a motion requesting that Belue be transported from the state penitentiary, where he had begun serving his life sentence, to the local jail so that he could be present for the hearing on his motion for a new trial. However, on the day set for the hearing, it was discovered that the wrong case number had been affixed to the motion to have him transported from the prison; because of that error, the circuit court had not acted on the motion. The new attorney, objecting to the court's conducting the hearing in Belue's absence, moved for a continuance. The circuit court denied a continuance and conducted the hearing without Belue being present.
At the hearing, the new attorney argued that Belue's trial attorney had been ineffective and that Belue was therefore entitled to a new trial. The new attorney supported his argument by alleging four sepal ate instances in which he contended that the trial attorney's performance had been constitutionally deficient. Specifically, he alleged: (1) that the trial attorney did not strike a juror — who ultimately sat on the jury — after she had admitted during voir dire examination that she was prejudiced against Belue; (2) that the attorney failed to produce Belue's military records, which the new attorney said would have shown that Belue's blood type was different from the blood type the State contended he had (3) that the attorney did not use at trial to DNA to that he had consulted regarding the technical process of DNA matching; and (4) that the attorney failed to ask for a continuance so that the DNA experts could examine discovery material the State provided after the jury was impanelled.
Belue's trial attorney was the only witness who testified at the hearing. His testimony, which spans 32 pages in the record, generally refuted the allegation that he had rendered ineffective assistance of counsel. However, he did state that he felt he should have asked for a continuance to allow DNA experts to examine discovery material the State had provided just before trial. In responding to the contention that he should have struck the juror who admitted prejudice against Belue, the attorney flatly contradicted the allegation that Belue had specifically asked him to strike the juror. He testified that he had consulted with Belue about that particular juror and that they had concluded that the juror should remain on the venire. Because Belue was not present at the hearing to either confirm or deny these statements, his trial attorney's testimony was unrefuted.
After concluding the hearing, the circuit court denied the motion for a new trial. The Court of Criminal Appeals affirmed, with an unpublished memorandum. Belue v. State, 725 So.2d 1075
(Ala.Crim.App. 1997) (table).
In its unpublished memorandum, the Court of Criminal Appeals first stated that a hearing on a motion for a new trial has been held to be a critical stage of the proceedings against a criminal defendant. See, e.g., King v. State, 613 So.2d 888, 889-91
(Ala.Crim.App. 1993). Additionally, because the hearing involved a factual dispute concerning the effectiveness of Belue's trial attorney, the Court of Criminal Appeals held that Belue was entitled to be present at the hearing, in order to be able to confront the witnesses against him. See Kentucky v. Stincer,482 U.S. 730, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). However, after concluding that Belue had a right to be present at the hearing on his motion for a new trial, that court quote Ex parte Stout,547 So.2d 901, 904 (Ala. 1989). for the proposition that "`even improper exclusion of a defendant from a *Page 787 
"critical" portion of the trial does not automatically require reversal, if in the particular case the defendant's absence was harmless beyond a reasonable doubt'" (quoting Polizzi v.United States, 550 F.2d 1133, 1138 (9th Cir. 1976)). The Court of Criminal Appeals then, stating that Belue had not demonstrated any possibility of prejudice resulting from his absence, held that the circuit court's denying him his right to be present at the hearing was harmless error.
We granted Belue's petition for certiorari review in order to determine whether the denial of his right to be present at the hearing on his motion for a new trial was indeed merely harmless error.
There is no dispute that Belue had a right to be present at the hearing on his motion for a new trial. Article I, § 6, Ala. Constitution of 1901, provides:
 "[I]n all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either [and] to be confronted by the witnesses against him. . . ."
Also, the right to confront witnesses is guaranteed by theSixth Amendment to the United States Constitution. Thus, the circuit court violated Belue's constitutional rights when it held the motion hearing in his absence and received testimony from his trial attorney contradicting the factual allegations he had made in support of his claim that he had had inadequate trial counsel.
The issue is this case is different from that presented in Exparte DeBruce, 651 So.2d 624 (Ala. 1994). In that case, this Court held that a criminal defendant's rights were not violated when he was not allowed to be present at hearings on pretrial motions. However, unlike the present case, DeBruce did not involve a defendant's right to be present at a hearing in which his former attorney gives testimony refuting the defendant's factual allegations made in support of a claim of ineffective assistance by the former counsel. A defendant has that right, so that he may assist his new counsel and may confront his former attorney as that attorney gives testimony adverse to the defendant's claims of inadequate counsel.
"At a hearing on a motion for new trial, the defendant has the burden of proving the allegations of his motion to the satisfaction of the trial court." Miles v. State, 624 So.2d 700,703 (Ala.Crim.App. 1993) (citing Anderson v. State, 46 Ala. App. 546,547, 245 So.2d 832, 833 (1971), and Jones v. State,624 Ala. App. 504, 507, 19 So.2d 81, 84 (1944)). In circumstances such as those presented in this case, the defendant may be the only witness with the special knowledge of the facts necessary to dispute the evidence offered by the State that is contrary to his assertions and to testify in the defendant's behalf. Therefore, Belue had a constitutional right to be present at the hearing, and the denial of that right was reversible error
The judgment of the Court of Criminal Appeals is reversed. The cause is remanded for that court to direct the circuit court to vacate its order denying the motion for a new trial and to conduct a second hearing with the defendant present
REVERSED AND REMANDED.
SHORES, HOUSTON, KENNEDY, COOK, and LYONS, JJ., concur.
MADDOX, J., concurs in the result
HOOPER, C.J., and SEE, J., dissent.