51 So.2d 702

### SHIRLEY v. STATE.
#### 2 Div. 810.

Court of Appeals of Alabama.
April 3, 1951.

D. M. Boswell, of Butler, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

640

CARR, Presiding Judge.

The accused was indicted on a single count charging larceny. After trial and conviction, his motion for a new trial was granted.

At a subsequent time the defendant was reindicted for larceny of the same property and to the latter indictment were added counts charging buying, receiving, concealing or aiding in concealing the property.

To the second indictment defendant entered a plea of former jeopardy. This was not sustained and then the accused pleaded guilty to buying, etc., the property in question.

The only matter of critical concern on this appeal is whether a conviction on a charge of larceny alone is a bar to a subsequent prosecution for buying, receiving, concealing or aiding in the concealment of the identical property which forms the basis of the larceny charge in the first indictment.

The authorities are committed to the view that it is not. Foster v. State, 39 Ala. 229.

A plea of former jeopardy is unavailable unless the offense presently charged is the same in *law* and *fact* as the former one. Holcomb v. State, 19 Ala. App. 24, 94 So. 917; Blevins v. State, 20 Ala.App. 229, 101 So. 478; Johns v. State, 13 Ala.App. 283, 69 So. 259.

The judgment below is ordered affirmed.

Affirmed.