610

73 So.2d 387

**GREEN  v.  STATE.**

**8 Div. 445.**

Court of Appeals of Alabama.

June 15, 1954.

Earl E. Cloud, Huntsville, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, Bobby Green, was indicted and convicted for the offense of burglary. The burglarized property is laid as "The Homer Whitt Grocery and Market."

Preliminary to the main trial proceedings the defendant filed a plea in abatement and a plea of former jeopardy. Both of these pleas are based on the position that, prior to the time the instant indictment was returned, the accused had been called to answer the charge before the inferior court and the judge of this court transferred the cause to the juvenile court, where the case was still pending.

In the case at bar the judge of the circuit court sustained the solicitor's demurrers to the above indicated pleas.

■ It is well settled by our authorities that, in order to plead former jeopardy successfully, the plea must allege that the offense charged in the two prosecutions is the same in law and fact. It is not sufficient to simply allege that they are similar crimes. Schroeder v. State, 17 Ala.App. 497, 85 So. 851; Wooley v. State, 20 Ala.App. 364, 101 So. 918; Pittman v. State, 36 Ala.App. 179, 54 So.2d 630; 6 Alabama Digest, Criminal Law, ☞195 (1).

■ As against appropriate demurrers, the allegations of the pleas must be construed most strongly against the appellant. 16 Alabama Digest, Pleading, ☞34(4).

■ In pertinent part the plea in abatement alleges that "a case is now pending before the Juvenile Court of Huntsville, Alabama; that the defendant, Bobby Green was arrested April 4, 1952, on an affidavit for warrant, wherein he was charged of burglarizing the same store that is covered by the present indictment * * *."

The plea of former jeopardy contains these allegations:

"Comes the Defendant Bobby Green, by and through his Attorney, Earl E. Cloud, and for plea, says that he has once been in jeopardy for the offense of which he is now charged in the indictment returned in the above styled cause, and that the Inferior Court of Huntsville, Alabama, on to-wit: April 6, 1952, the Defendant was called to answer a charge of burglary; that the affidavit preferred against the Defendant in said case charged the Defendant with burglarizing Whitt's Grocery on Pike Street in Huntsville, Alabama; that the Honorable Douglas C. Martinson, Judge of the Inferior Court of Huntsville, Alabama, at that time did make the following order, to-wit:

" * * * that Defendant contends that upon the charge in the Juvenile Court of Huntsville and the above styled cause are one and the same thing * * *."

An analysis of the above excerpts leads to the clear conclusion that the averments are not sufficient to meet the requirements of the rule.

The court properly sustained the demurrers.

The corpus delicti of the offense was established without dispute.

The defendant was an employee at the burglarized store. About $700 worth of property was taken from the establishment. Most of this was found in a trunk of an automobile the morning after the burglary the night before. The defendant lived with his parents. The car with its contents was located by the officers at the parents' home.

The appellant was taken into custody and carried to jail. According to the State's evidence he made confessory statements while under arrest. The court overruled objections to the introduction of these statements.

The usual forms of questions were propounded to establish that they were voluntarily made.

■ The fact that the accused was under arrest did not of itself render the confessions inadmissible. Wilson v. State, 256 Ala. 12, 53 So.2d 559; Smith v. State, 253 Ala. 220, 43 So.2d 821.

■ The defendant was asked if he did not go to a rest room and escape through a window at the time the case was set for trial previously. Over objections of his attorney the court permitted an affirmative reply. This was admissible under the rule relating to flight. Parmer v. State, 20 Ala. App. 233, 101 So. 482.

The appellant did not request the general affirmative charge nor file a motion for a new trial.

When the State had completed its testimony in chief, the defendant made a motion to exclude the evidence. Clearly the court properly overruled the motion.

The few remaining questions to which we have not responded relate to elementary rules of evidence which need not be discussed.

The judgment below is ordered affirmed.

Affirmed.