98 So.2d 857

Clyde REEVES
v.
STATE.
7 Div. 427.

Court of Appeals of Alabama.

June 18, 1957.

Rehearing Denied Aug. 13, 1957.

Jas. Sharbutt, Childersburg, and Love & Hines, Talladega, for appellant.

John Patterson, Atty. Gen., Bernard F. Sykes and Geo. Young, Asst. Attys. Gen., for State.

PRICE, Judge.

Appellant was convicted of the offense of illegal possession of prohibited liquors.

The evidence for the State tends to show that a searching party consisting of the Sheriff, a deputy, and two Alabama Alcoholic Beverage Control officers, discovered eight and one-half pints of whiskey in a specially constructed trap in the rest room at the Reeves Pool Room in Childersburg, Alabama. Access to the trap was had by removing screws from a mirror, allowing it to drop.

Defendant was standing in the doorway to the pool room when the officers arrived and was present when the whiskey was found. Upon discovery of the whiskey the defendant stated: "Well, you never would have found that unless some son-of-a-bitch told you about it." He called the sheriff aside and after being advised by the sheriff that it would be necessary to prefer charges against him, said: "Well, that is not my whiskey, couldn't some one else claim it, couldn't I get some one else to claim it?"

The building was described as approximately sixty feet long. Five or six tables were in the pool hall. In the back there was a small room containing a bed, small heater and some clothing. Opposite this room was the bath room where the whiskey was found. This room contained a commode and lavatory. The door to the bath room was unlocked and a man was in the room at the time of the search. This was the only rest room in the building.

The evidence for defendant tended to show the building was owned by a Mr. Ashworth, and that an arrangement had been made, in January 1955, between one Jess Rich and defendant whereby Rich was to take over the operation of the pool room. Rich testified that under the terms of the agreement he was to pay the rent and utilities and give defendant a sum equal to one third of the net gross; that defendant was to pay the rent over to the owner of the building; that the business was operated as the Reeves Pool Room; that he was operating the pool room on the occasion of the search; that the whiskey belonged to him and he told defendant he would claim it, but defendant said the sheriff was already making a case against him. He

testified he employed Offie Sheffield to build the trap behind the mirror.

Offie Sheffield testified that he and Rich knocked out some bricks and placed the mirror over the hole. For this work Rich paid him $16.

For himself, the defendant testified he knew the cache was behind the mirror but didn't know the whiskey was in it. The first he knew of the trap was one Monday morning when he went by the pool room to check up on the proceeds and saw Rich get some money out of the trap.

The defendant said that when the officers found the whiskey the sheriff informed him he was going to make a case against him, and that he told the sheriff, "Well, it is not my whiskey," and that he also told the sheriff: "Some S.O.B. must have told on Jess or you wouldn't have found it."

The defendant admitted that he signed the application for a license to operate the pool room and executed a bond, because Rich was unable to post a $1,000 bond; that the utilities were listed in the name of Reeves Pool Room, not Clyde Reeves; that he was liable to the landlord for the rent and under his agreement with Rich he was to receive a sum equal to one-third of the net profits from the operation of the pool room.

There was also testimony to the effect that Jess Rich slept in the bed room at the pool room; that if any one wanted to use the rest room he had to get the key from Rich.

In Grimes v. State, Ala.App., 76 So. 2d 684, 685 [1], Judge Harwood said that

where the possession of Alcoholic beverages is constructive, "the State, to sustain a conviction, must show, in addition to the constructive possession, a guilty knowledge of the presence of the beverage. And, as in all criminal prosecutions the guilty knowledge, or scienter, on the part of the accused, must be fastened upon him by a showing of facts or circumstances enabling a jury to conclude beyond a reasonable doubt that the accused knew such fact."

We are of the opinion that there was sufficient evidence from which the jury might infer defendant's guilty knowledge of the presence of the whiskey. Gilbert v. State, 25 Ala.App. 169, 142 So. 682.

There was no error in the court's action denying the defendant's motion to exclude the evidence nor in refusing the affirmative charge or overruling the motion for a new trial.

Insistence is made in brief that the overruling of defendant's demurrer to the indictment constituted reversible error. No ruling of the court on the demurrer is shown by the record. Therefore, nothing is presented for our review. Whitaker v. State, 21 Ala.App. 114, 105 So. 433.

The court properly sustained the objection of the State to the question asked the witness Rich as to "Where did you get that whiskey." The question called for irrelevant and immaterial testimony.

The judgment of the trial court is affirmed.

Affirmed.

1.  38 Ala.App. 94.