STATE EX REL. MERLE BUSH v. RALPH H. TAHASH.

161 N. W. (2d) 326.

August 23, 1968—No. 41,039.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *James J. O'Connor,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court denying a petition for habeas corpus.

Relator was convicted of the crime of manslaughter in the first degree on March 14, 1963. In proceedings instituted to contest the constitutional adequacy of his trial, he contends that he was denied due process and equal protection of the laws because the Mahnomen County jury which found him guilty was the end product of a petit jury[1] selection system which discriminates against persons of the Indian race.[2]

We affirm the trial court's determination that relator has failed to establish constitutional grounds for his release.

The general principles involved were recently discussed by this court in State v. Dilliard, 279 Minn. 414, 157 N. W. (2d) 75, and need not be repeated. Since that opinion was filed on March 8, 1968, the American Bar Association Advisory Committee on the Criminal Trial has submitted a tentative report, Standards Relating to Trial by Jury. Section 2.1 of this report deals with the selection of prospective jurors and gives further clarification to the problem.

---

[1] Minn. St. 593.01 provides: "A petit jury is a body of 12 men or women, or both, impaneled and sworn in the district court to try and determine, by a true and unanimous verdict, any question or issue of fact in a civil or criminal action or proceeding, according to law and the evidence as given them in court."

[2] For a general discussion of the problem of discrimination because of race, see Kuhn, *Jury Discrimination: The Next Phase,* 41 So. Cal. L. Rev. 235; Note, 80 Harv. L. Rev. 338; Note, 1967 Duke L. J. 346; Note, 52 Va. L. Rev. 1069; Note, 74 Yale L. J. 919; Note, 75 Yale L. J. 322.

The list of 150 jurors from which the panel for relator's trial was selected was certified by the chairman of the County Board of Mahnomen County as having been "selected from the qualified voters" of the county. No direct evidence to the contrary was produced. Even if we accept relator's assertion that approximately 12 percent of the population of Mahnomen County is of "Indian extraction," the fact that only 6 percent of the persons on the 1963 list of jurors and only about 5 percent of those on the lists for 1961 and 1962 were Indian does not make a prima facie case of discrimination. The selection of jurors from a list of qualified voters is constitutionally permissible, and the fact that a definable class of persons represents a higher proportion of the population as a whole than it does of those qualified to vote does not invalidate a system of selection. Swain v. Alabama, 380 U. S. 202, 85 S. Ct. 824, 13 L. ed. (2d) 759.

Of the decisions of the United States Supreme Court which have been cited by the parties, there are none holding that a prima facie case of discrimination is established by evidence as inconclusive as that presented here.

The qualification for voting in Minnesota does not discriminate against persons of Indian extraction. To be eligible to vote under our statute, Minn. St. 200.02, it is required that a person be 21 years of age or more, a citizen of the United States, and a resident of a Minnesota election precinct. The right to vote does not depend upon economic status and no tax is imposed for the exercise of the privilege. The disqualification as a voter of any person convicted of a felony or for lack of mental capacity applies equally to everyone.

A defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him, nor on the venire or jury roll from which petit jurors are drawn. Cassell v. Texas, 339 U. S. 282, 70 S. Ct. 629, 94 L. ed. 839. As stated in Swain v. Alabama, 380 U. S. 202, 208, 85 S. Ct. 824, 829, 13 L. ed. (2d) 759, 766:

"* * * Neither the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group. * * * We cannot say that purposeful discrimination

based on race alone is satisfactorily proved by showing that an identifiable group in a community is underrepresented by as much as 10%."

The fact that the panel of 36 chosen from the jury list of 150 contained only one person of Indian extraction and that he did not serve as a juror for defendant's trial is not determinative. It is the manner of selection and not the makeup of a particular panel of jurors or of a particular jury which must be tested to determine whether constitutional requirements have been observed. Pinkney v. United States (5 Cir.) 380 F. (2d) 882.

Affirmed.