241 So.2d 119

Clyde RICHARDSON, Jr., alias

v.

STATE.

6 Div. 97.

Court of Criminal Appeals of Alabama.

Nov. 17, 1970.

Demetrius C. Newton, Birmingham, Norman C. Amaker, New York City, for appellant.

MacDonald Gallion, Atty. Gen., and W. Mark Anderson, III, Special Asst. Atty. Gen., for the State.

CATES, Judge.

Murder, first degree: life sentence.

The sole question here is raised by a denial of a motion to quash the indictment on an allegation of systematic exclusion of Negroes from the grand jury. The indictment was in the Birmingham Division of the Jefferson Circuit Court.

We consider the appellant failed to carry the burden of proof of purposeful omission.

The defense hypothesis was that in certain precincts of that part of the county a sampling (not always uniform) showed a discrepancy between the jury rolls and the *purported* population in the respective black and white ratios. However, the samples were not coextensive with all the county less the Bessemer cutoff. According to Salary v. Wilson, 5 Cir., 415 F.2d 467 (footnote 5), the Bessemer Division had 51% Negroes over age 21.

In the 1960 census, the entire county had less than one-third Negroes in the 21–64

year age brackets. Since the jury roll for the Birmingham Division is separate it would follow that therein an even smaller percentage of Negroes should be expected than the county-wide 31%.

We are aware of the formidable task of combing through the jury roll of some 57,-736 names. However, the grand jury which indicted Richardson had two Negroes out of 18, a percentage not more discrepant than that shown in Swain v. Ala., 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759. Since July of 1967, grand juries varied from 1:18 to 5:18.

We consider that the burden did not shift to the State. Billingsley v. Clayton, 5 Cir., 359 F.2d 13; State v. Smith, 55 N.J. 476, 262 A.2d 868; State ex rel. Bush v. Tahash, Minn., 161 N.W.2d 326.

We have reviewed the entire record under Code 1940, T. 15, § 389 and conclude the judgment below is due to be

Affirmed.