277 So.2d 920

**John Henry JONES, Jr.**

v.

**STATE.**

**6 Div. 316.**

Court of Criminal Appeals of Alabama.

May 15, 1973.

Demetrius C. Newton, Birmingham, Jack Greenberg, Jack Himmelstein, Elaine R. Jones and Lynn Walker, New York City, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of rape and his punishment fixed at death.

Prior to his trial for rape, appellant was convicted of robbery growing out of the same occurrence. His punishment on the robbery conviction was likewise fixed at death. On April 17, 1973, this Court modified and affirmed that conviction and fixed appellant's punishment at life imprisonment. Jones v. State, 50 Ala.App. 62, 276 So.2d 647.

Appellant states in brief that "the only real evidentiary difference in the two cases is the personal physician of the prosecutrix testified in the case at bar." This is true. Therefore, we incorporate by reference the factual background as set forth in the robbery case.

Most of the issues raised on this appeal were raised on direct appeal in the robbery case, supra, and were decided adversely to the contentions of appellant. We will here deal with matters not presented in that case.

■ In the court below appellant filed a motion to quash the venire and the indictment on the grounds of systematic exclusion of members of the Negro race who were qualified to serve on juries in the Birmingham Division of Jefferson County in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment. The evidence in support of this motion was the entire transcript of the evidence presented at an evidentiary hearing held in December, 1970, in the case of Richardson v. Wilson, C.A. 68–300, (N.D. Ala.), Allgood, J., which was a civil suit challenging the jury selection process in the Birmingham Division of Jefferson County. In brief, appellant states that the evidence in the above transcript is the same evidence presented in support of the motion to quash the indictment in the case of Richardson v. State, 46 Ala.App. 277, 241 So.2d 119. In *Richardson* this Court ruled such evidence insufficient to shift the burden of proof to the State.

■ Appellant filed a motion for change of venue but concedes that a ruling thereon was not invoked. Where no ruling of the court is shown by the record, nothing is presented for review. Parson v. State, 39 Ala.App. 142, 96 So.2d 206; Reeves v. State, 39 Ala.App. 164, 98 So.2d 857.

■ Appellant then filed a motion to dismiss the charges against him on the grounds of former jeopardy alleging that he was previously tried and convicted in the Circuit Court of Jefferson County, Alabama, Case Number 20343 (robbery), and that to try him in Case Number 20342

(rape) would be double jeopardy. The trial court overruled this motion. There was no error in this ruling of the court. Robbery and rape are two separate and distinct offenses and are completely unrelated. To successfully plead former jeopardy, the p ea must allege that the offense charged in the two prosecutions is the same in law and fact. Shirley v. State, 35 Ala.App. 639, 51 So.2d 702; Green v. State, 37 Ala.App. 610, 73 So.2d 387.

The prosecutrix testified in great detail as to the facts concerning the rape and the abuse and physical mistreatment of her body by appellant before and after he finished. From her testimony and that of her personal doctor, there is no doubt that appellant carnally knew her in the woods of a remote area in Jefferson County. No good purpose can be served by setting out the gory and sordid details of this seventeen year old girl's unhappy experience at the hands of a rapist.

As above mentioned most of appellant's claimed errors were dealt with in the robbery conviction and we will not further extend this opinion.

█ At this point in time, the death penalty cannot be carried out. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346. Guided by our Supreme Court in Swain v. Alabama, 1973, 29 Ala. 123, 274 So.2d 305, and related cases, the sentence of death imposed upon appellant is vacated and set aside. The sentence is corrected to provide that John Henry Jones, Jr., be imprisoned in the State Penitentiary for the term of his natural life. The clerk of this Court shall furnish a certified copy of this order to the Clerk of the Circuit Court of Jefferson County, and the Clerk of that Court shall issue a commitment in this case based upon this sentence of life imprisonment and shall forward the commitment to the Board of Corrections.

Except as to the death sentence, the judgment of the Circuit Court is affirmed.

As to the death sentence, the judgment of the Circuit Court is modified and the sentence is hereby reduced to life imprisonment, and as so modified, the judgment is affirmed.

Modified and affirmed.

CATES, P. J., and ALMON and TYSON, JJ., concur.

DeCARLO, J., recuses himself.