BOOKOUT, Judge.
Robbery; sentence: ten years imprisonment.
After our remandment to the trial court with directions to either furnish appellant with an adequate transcript for an appeal or grant him a new trial, we now have the case back on the trial court’s answer to the remandment. Appellant still contends that an accurate transcript of the evidence has not been furnished.
The trial court held a hearing on December 15, 1976, to determine the accuracy of the court reporter’s transcript of the evidence and to make additions or corrections thereto.
Mary E. Brandon testified that she was a private stenographer who sometimes typed transcripts on a fee basis for the court reporter from his recorded dictation. She had typed pages 1 through 101 and turned them over to Mary Lambert. The evidence developed the fact that Paul Williams, the official court reporter, was frequently intoxicated and was extremely derelict in his duties. Mary Lambert was another court reporter in the circuit, and she proofread the part typed by Mary Brandon and then finished typing the remainder of the evi *383 dence. She reviewed with Williams any errors she detected. On one instance, where a word was missing, Williams told her, “Oh, hell, just put something in there.”
As inexcusable as the conduct of Williams was, and as lax as the trial court’s prior supervision over him had been, the trial court has now made a diligent effort to secure a transcript of the evidence of sufficient accuracy to guarantee adequate appellate review to the appellant.
Where, due to no fault on the part of an indigent appellant, the court reporter refuses or fails to provide a transcript of the evidence, there is, and has been, a procedure to follow in order to obtain appellate review. In cases appealed prior to December 1, 1975, Title 7, § 827(3), Code of Alabama 1940, Recompiled 1958, provides in pertinent part:
“Statement in lieu of transcript of evidence. If the court reporter be deceased, or for any other reason cannot transcribe the evidence, any party desiring to appeal, may, in lieu of it, present a succinct statement of the evidence, including objections, oral motions, rulings of the court, the oral charge of the court, and all documents offered in evidence shall also be identified and copied in the order in which offered, and the trial judge shall hear the same and make such corrections in and additions to it as may be proper and shall approve the same as a transcript of the evidence. . . . ”
In cases appealed on or after December 1, 1975, the new Alabama Rules of Appellate Procedure apply. Rule 10(f), A.R.A.P. is as follows:
“Correction or Modification of the Record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court.”
We have reviewed the supplemental transcript of the hearing on the correctness vel non of the transcript of the evidence. The trial court made a number of corrections and certified the record to us as being correct and accurate. The case is not complicated, and the testimony is simple. The issues are neither technical nor complex. We hold that the procedure employed by the trial court in response to our remandment complies with the requirements of both Title 7, § 827(3) and Rule 10(f), supra. We, therefore, accept the trial court’s corrections of the record and its certification thereof.
ON THE MERITS
The evidence clearly establishes that the appellant, on the evening of December 20, 1974, went to the Dutch Village Apartments in Anniston. He knocked on several doors and asked tenants for the location of the apartment of Linda Loveless. Finally he knocked on the door of the prosecutrix and made the same inquiry of her. When she unlatched the door and stepped out to give directions, the appellant put a gun in her face and pushed her back into the apartment. He then beat her, tore her clothes off, raped her and took four one dollar bills and some change from her purse. He left the prosecutrix and went to the apartment of Linda Loveless and had her drive him to a truck stop in another part of town. The prosecutrix made prompt complaint to the police and went to a local hospital. Appellant was arrested the next day.
There is no question concerning the identity of the appellant as the robber. The State made out a prima facie case of robbery which strongly supports the verdict of the jury.
*384 I
Appellant contends that a statement he gave to officers should not have been admitted into evidence as it was not voluntary. Appellant’s statement, which not totally inculpatory, was in pertinent part as follows:
“Jackie Sweat and I went to Mason’s Discount Store at Anniston Plaza about three weeks ago and she put a Titan .25 caliber automatic pistol on layaway. The reason for doing this was that a boy named ‘Scooter’ Quick had tried to run us off the road. I was going to use the gun to get him. I picked the gun up myself last Friday, December 20,1974. I ground the serial number off the gun with a file. I went to Hubbard Oil on Highway 78 and took some pills and drank some whiskey. I went to Dutch Village to look for a girl that I know. She had moved from her apartment to another apartment so I went from one apartment to another looking for her. I came to the apartment of a girl (who I later learned to be [prose-cutrix] ). I asked her if she knew where Linda Loveless lived. She opened the door and I walked in. I don’t remember anything else that happened until I heard her say that her boy friend was coming. I told her that I did not care. She told me to leave and she would not call the police. I tore the telephone loose from the wall and looked through her purse for money. There was no money in the purse except for one silver dollar and I did not take it. She took me to the back door and let me out.”
Appellant contends that he was pushed, shoved, beaten by officers and was incarcerated in solitary confinement in a cell commonly referred to as the “black box.” When appellant’s description of the “black box” was compared with descriptions given by other witnesses, the trial judge concluded that appellant’s story was fabricated. Such a conclusion by the trial judge was clearly supported by the evidence.
Evidence given by officers, outside the presence of the jury, was to the effect that appellant was given a full Miranda warning and that his statement was not obtained by threats, duress, or offer of reward and thus was voluntary. Such testimony was in direct conflict with appellant’s account of the circumstances.
We have on numerous occasions recognized that it is not unusual for conflicting evidence to be presented on a voluntariness inquiry. Tanner v. State, 57 Ala.App. 254, 327 So.2d 749 (1976); Webb v. State, 55 Ala.App. 258, 314 So.2d 711 (1975); Botsford v. State, 54 Ala.App. 482, 309 So.2d 835 (1974). In each of the above cases, we quoted from McNair v. State, 50 Ala.App. 465, at 470, 280 So.2d 171, 176 (1973) cert. denied 291 Ala. 789, 280 So.2d 177:
“. . . When such a conflict occurs and the trial judge finds that the confession was voluntarily made, great weight must be given to his judgment. This finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the weight of the evidence. . Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty. . ” (Citations omitted.)
We find no error in the ruling of the trial court on the question of voluntariness.
II
Appellant contends that his prior conviction of rape is a bar to his trial and conviction on the instant robbery charge.
The record shows that on March 24, 1975, appellant was arraigned and entered a plea of “not guilty” and was given until March 27 to file special pleas or a demurrer. A demurrer to the indictment was filed by appellant on March 26, 1975, and denied by the trial court on March 28. For some reason not shown, a second arraignment was held on May 19 at which the indictment was read and explained and, “. . . for his plea thereto says ‘Not Guilty’ and Plea *385 of Autrefois & former jeopardy.” Trial was set for June 3, and the court granted leave to file, “demurrer, Motions, Special Pleas by May 23, 1975.” The record also shows that appellant’s plea of former jeopardy or autrefois convict was filed April 16; the State’s replication to the plea was filed May 22, and after argument on May 23, 1975, was overruled. Had only the first arraignment been held, then the filing of the plea would have been too late pursuant to Steward v. State, 55 Ala.App. 238, 314 So.2d 313, cert. denied 294 Ala. 201, 314 So.2d 317 (1975). However, contrary to the contention of the State, the plea of former jeopardy was timely filed in light of the fact that a second arraignment was held and the plea was filed prior to that arraignment. We must, therefore, consider the merits of appellant’s plea of former jeopardy.
This Court (by Harris, J.) settled the issue by holding in Jones v. State, 50 Ala.App. 174, 277 So.2d 920 (1973):
“. . . Robbery and rape are two separate and distinct offenses and are completely unrelated. To successfully plead former jeopardy, the plea must allege that the offense charged in the two prosecutions is the same in law and fact. Shirley v. State, 35 Ala.App. 639, 51 So.2d 702 Green v. State, 37 Ala.App. 610, 73 So.2d 387.”
Also see: Hopkins v. State, 54 Ala.App. 75, 304 So.2d 629 (1974).
AFFIRMED.
All the Judges concur.