A jury found appellant-defendant guilty of robbery and fixed his punishment at imprisonment for ten years. He was sentenced accordingly.
The undisputed evidence is that defendant was one of two stocking-masked men who, at about 10:00 P.M. on the night of March 22, 1976, robbed Verna Bradley, then in charge of the C 
C Pit Barbecue in Tuscaloosa, and took from the cash register approximately forty dollars and from under a counter a revolver. In accomplishing the robbery, one of the men was armed with a pistol and the other with a sawed-off twenty-two rifle.
The only eyewitness identifying appellant-defendant as one of the robbers was the other robber, Donald R. Little, who testified in detail as to the plan made between him and appellant-defendant for the robbery, the consummation thereof, and the subsequent division of the loot.
Appellant premises one of his two asserted grounds for a reversal on the necessity for corroboration of the testimony of an accomplice to sustain a conviction for a felony. Code of Ala. 1975, § 12-21-222.
In addition to the testimony of the accomplice, the prosecution presented testimony that after the robbery, fingerprints or a palm print of defendant were found on the top of a drink box or beer cooler inside a portion of the premises enclosed by a counter and swinging door that separated the section occupied generally, if not exclusively, by employees from the part usually occupied by customers.
Appellant assails the testimony as to the fingerprints or the palm print as insufficient corroborative evidence on two principal grounds:
(1) The witness testifying as an expert examiner of fingerprints was not sufficiently qualified to testify as such an expert and
(2) There was some evidence to the effect that defendant's fingerprints or palm print could have been placed on the drink box or beer cooler by him at some time previous to the robbery while he was lawfully behind the counter in the process of getting beer from the cooler.
As to the qualification of Ron Smith, employee of the Alabama Bureau of Investigation, as a latent fingerprint examiner, who testified emphatically and positively that his examination of the fingerprints or palm print that another witness had testified had been lifted from the top of the drink box after the robbery, matched a known fingerprint card of defendant, had had approximately five years experience in latent fingerprint work. He was a graduate of the FBI Advanced Latent Fingerprint School. He had attended seminars on the subject and crime scene photography schools held in Montgomery. He had taken courses while attending college that aided him in latent fingerprint work.
The question of the competency of a particular witness to testify as an expert is addressed primarily to the trial court. In the absence of abuse of discretion vested in *Page 376 
the trial court, we cannot supplant its judgment by our own, even if it were otherwise. Byars v. Mixon, 292 Ala. 661,299 So.2d 262 (1974); Hagler v. Gilliland, 292 Ala. 262,292 So.2d 647 (1974); Hunter v. State, Ala.Cr.App., 338 So.2d 513
(1976); Chafin v. State, Ala.Cr.App., 333 So.2d 599, cert. denied 333 So.2d 609 (1976). The trial court was not in error on admitting the testimony of the particular witness.
Furthermore, relative to the qualification of the witness as an expert, we should note that it appears to us that he demonstrated by his testimony a high degree of expertness in the field of fingerprint identification.
There was some evidence, though of a weak and inconclusive nature, that defendant had been behind the counter of C C Pit Barbecue on occasions prior to the robbery and conceivably could have been there a short while before the robbery. On the other hand, there was evidence to the effect that every night before the close of business, the top of the drink box or beer cooler was cleaned with a dish rag or dish towel.
In order for testimony to be sufficiently corroborative of that of an accomplice to meet the statutory requirement, it is not necessary that it be direct and conclusive. Circumstantial evidence from which guilt of defendant can be reasonably inferred is sufficient. As quoted in Goodman v. State,52 Ala. App. 265, 291 So.2d 358, 363 (1974):
 "Any circumstantial evidence is sufficient to corroborate if it proves that accused was connected with the criminal act, or tends to connect him with the commission thereof, or if such connection may reasonably or clearly be inferred from the corroborative evidence; and where the accomplice is strongly corroborated by facts and circumstances connecting accused with the crime, a conviction will be sustained. 23 C.J.S., Criminal Law, § 812 (3), page 109."
Able counsel for appellant have rendered noteworthy dedicated service in their thorough analysis of the law and evidence and in emphasizing in their argument the possibility that the evidence, separate and apart from the testimony of the accomplice, fails to show that appellant was one of the robbers. Notwithstanding such a possibility, we do not think the evidence in this respect lacked substance or strength. Evidence, other than that of the accomplice, was to the effect that both robbers came close to the drink box or beer cooler, that one of them rifled the cash register while the other was standing at the drink box or beer cooler with a long gun in his hands, that they were there four or five minutes and that during a part of that time the only other person in the place, Verna Bradley, was lying on the floor at the direction of one of the robbers. Such evidence, when compared with evidence that fails to show with reasonable certainty that appellant had ever been where he could have placed his hand on the drink box prior to the robbery and fails to furnish a basis for a strong inference that he had been there previously on the day of the robbery, leads to a reasonable, if not absolutely certain, conclusion that appellant was guilty.
Immediately after the jury returned its verdict and was "excused for the day" the following occurred:
 "MR. CHANDLER: Your Honor, we would like to move for a mistrial at this time. We would do it either before or after sentencing, whichever Your Honor prefers."
Thereafter, counsel for defendant made known to the court that a drawing of the scene of the robbery, which had not been admitted in evidence, had gone with the evidence and other appropriate documents to the jury room at the time the jury commenced deliberations and had remained there until the verdict was returned. It was also made known to the court that on the back of the particular diagram was a diagram of a robbery of the First Alabama Bank.
A lengthy hearing on defendant's "motion for a mistrial" was conducted, which was commenced promptly after the return of the verdict and resumed the following *Page 377 
day, at which time the jurors were interrogated and made statements relative to the diagram, and other evidence was presented. At the conclusion of the hearing, the court overruled the motion for a mistrial. Appellant urges error in this ruling of the court.
In Gilliland v. State, 266 Ala. 24, 93 So.2d 745, it is stated:
 ". . . The jury is not permitted to consider extraneous matters, but only that which is introduced into evidence pending trial. Humber v. State, 19 Ala. App. 451, 99 So. 68, certiorari denied 210 Ala. 559, 99 So. 73; 39 Am.Jur., § 84, p. 97; 23 C.J.S., Criminal Law, § 1369, p. 1038; 67 A.L.R. at page 1531.
 "In reviewing the ruling of the trial court on a motion for a new trial when extraneous matter apart from the trial is brought before the jury, the test is, whether, in our opinion, such matter might have influenced the jury in reaching their verdict, . . ."
We apply the stated test to the facts in instant case.
Upon inquiry of the jurors in open court in the presence of the parties, it was disclosed that the back of the diagram was never seen by the jurors. It was laid on the table in the jury room face up and other matters placed on it. In this circumstance, it is our opinion that the matter on the back of the diagram could not have influenced the jury in reaching their verdict.
As to the contents of the front of the drawing, it is to be noted that the drawing was in the view of the jury throughout the trial of the case. Upon identification of the first witness in the case until the conclusion of the testimony it was repeatedly referred to by witnesses and counsel for the parties. There is no contention that there was any thing on the face of the drawing that was inappropriate. There is no contention that there was any thing objectionable to either party on the face of the drawing. The face of the drawing conveyed no information to the jury while in the jury room that had not been emphatically conveyed to the jury during the trial of the case. In our opinion, no harm to defendant could have resulted from the apparently inadvertent mistake of someone in allowing the diagram to go with the jury to the jury room.
A determination of what documents or other material should go to the jury room for consideration by the jury during deliberations is the responsibility of the trial judge, but the attorneys for the parties, the court reporter, the acting clerk and the bailiff, in degrees varying with the circumstances, share responsibility for bringing to the attention of the trial court any question as to whether particular documents or other material should go to the jury room. We do not find any blameworthy conduct on the part of any particular person in connection with the taking of the drawing to the jury room, but when the one complaining is no less responsible therefor than others, his complaint is not ordinarily well taken. SeeMcCormick v. Badham, 204 Ala. 2, 11, 85 So. 401 (1910).
We have found no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.