DeCARLO, Judge.
Parker Wallace was indicted by the Tuscaloosa Grand Jury and charged with robbery. At a jury trial held in Tuscaloosa County, the appellant was found guilty of robbery and sentenced to forty years in the penitentiary.
The appellant, an indigent, is before this court with a free transcript and appointed counsel, who was also the defense attorney at the trial.
The sufficiency of the evidence was not raised, and a complete recitation of all the facts is not warranted.
The facts, briefly, are that the prosecu-trix, on August 25, 1972, was living in a second story apartment in an old house in Tuscaloosa, Alabama. She occupied the apartment with a friend who, on the night of the incident, was not at home. The prosecutrix had gone to bed about 10:30 P.M. and was awakened around midnight when she felt something on her neck. She awoke and found the appellant, a black male, whom she positively identified in court, holding a knife to her neck. She was told not to scream or she would be killed. At that point, her gown and panties were removed, and the appellant raped her. After the appellant had had sexual intercourse with her, his companion also raped her. The prosecutrix stated that, while the companion was sexually assaulting her, the appellant removed her billfold from her purse. The two then left and she did not see either one until she saw the appellant in a lineup.
When the men were gone, the prosecutrix called her sister and brother-in-law. After they arrived, the police were called. The prosecutrix reviewed three lineups and, on the second occasion, identified the appellant. On the third occasion, she identified his companion.
Sgt. Horace W. Hodges, of the Tuscaloosa Police Department, responded to the call from the prosecutrix’s residence. On his arrival, he found two people and the prose-cutrix, with whom he talked. According to *1224 Hodges, the victim was crying and was very distraught. After being informed of what had happened, Sgt. Hodges walked through the apartment and found an open window in the bedroom. Also he observed a “pallet” on the floor and a fan nearby. He found a pair of panties and a man’s belt in the living room. These items were turned over to Detective Jerry Ingram when he and Officer Shirley Fields arrived.
Detective Ingram made an investigation of the alleged robbery and rape involving the prosecutrix and, during that time, talked with the prosecutrix. Ingram conducted three lineups, but the appellant was present in only the second one. The prose-cutrix identified Parker Wallace, the appellant, in the second lineup, and in the third lineup, she identified Lewis Willis as the second man who had raped her.
Detective Ingram talked with the appellant after warning him of his constitutional rights, and the appellant admitted going into the apartment of the victim and raping her. According to the statement which the appellant made, he climbed through a window and opened a locked door so that his companion, Lewis Willis, could enter the apartment. The appellant said that he took a knife from the kitchen and that he and Willis raped the prosecutrix by holding a knife to her throat. The appellant admitted that he had taken a ring and a knife from the prosecutrix after the assault. Also, the appellant admitted that the belt found in the prosecutrix’s apartment belonged to him.
Ingram stated that he was not aware that the appellant had denied making the statement and added, “I remember taking the statement from him and this is the statement that I took.”
At the end of Ingram’s testimony, the State rested its case, and the defense called only one witness, Chad Nall. Nall gave alibi testimony that he and the appellant were at Nall’s mother-in-law’s residence on the night of the offense. Further, Nall testified that he and the appellant remained there until about 3:00 A.M.
I
The only issue raised in this appeal involved the trial court’s overruling of the appellant's plea of autrefois convict. The appellant argues this overruling was erroneous because appellant’s robbery conviction arose out of the same set of facts from which a previous rape conviction arose, and both convictions involved offenses against the same person.
Dispositive of this issue is the holding in Jones v. State, 50 Ala.App. 174, 277 So.2d 920. There, this court said:
“Robbery and rape are two separate and distinct offenses and are completely unrelated. To successfully plead former jeopardy, the plea must allege that the offense charged in the two prosecutions is the same in law and fact. Shirley v. State, 35 Ala.App. 639, 51 So.2d 702; Green v. State, 37 Ala.App. 610, 73 So.2d 387.”
See also, Smith v. State, Ala.Cr.App., 346 So.2d 382.
We have carefully examined the record and have found no prejudicial error. Therefore, the judgment of conviction by the Tuscaloosa Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.