On the afternoon of September 15, 1979, Leroy Leverette was brutally beaten to death with a shovel. The sixteen year old defendant was indicted for his first degree murder. A jury found the defendant guilty of murder in the second degree and fixed his punishment at 99 years' imprisonment. Three issues are raised on appeal.
 I
The trial judge gave very thorough and lengthy oral instructions to the jury. Defense counsel announced that he was "satisfied" with these instructions. On two separate occasions the trial judge, at the jury's requests, repeated his instructions on the elements of first and second degree murder and first and second degree manslaughter.
The trial judge also repeated the instructions he had given on reasonable doubt at the request of a juror. However, the judge refused defense counsel's request to also reread to the jury defendant's written requested charge number 29 dealing with reasonable doubt. We find no error in this refusal.
Requested charge number 29 was marked given. Alabama Code 1975, Section 12-16-13, requires that given charges be *Page 1120 
taken by the jury into the jury room and, there being no evidence to the contrary, there exists the presumption that this was done in this case. Curry v. State, 23 Ala. App. 140,122 So. 303 (1929). Because the defendant's requested written
charge was in the jury room during the deliberations of the jury, we find no error in the refusal of the trial judge to read it a second time. This was a matter within his discretion of which we have found no abuse. Parsons v. State, 251 Ala. 467,480, 38 So.2d 209 (1948); Turner v. State, 160 Ala. 40,47, 49 So. 828 (1909); Harper v. State, 109 Ala. 66, 70,19 So. 901 (1895). We only add that the court should admonish the jury that the additional instructions must be regarded with all the other instructions given.
 II
After the jury had begun their deliberations, they were allowed to separate for the night. When the jury returned the next day, defense counsel moved for a mistrial because four of the jurors indicated that they had read newspaper articles or "heard news" on radio or television regarding the trial. This mistrial was properly denied. Woods v. State, 367 So.2d 982
(Ala. 1978). The trial judge carefully instructed the entire jury that such was not evidence and was not to be considered by them in their deliberations. The judge questioned the entire jury and determined that the news releases would not affect the jury's verdict.
Jurors should not be permitted, while in the discharge of their duty, to read newspapers containing editorials or statements of fact pertaining to the trial calculated to affect their verdict. Leith v. State, 206 Ala. 439, 444, 90 So. 687
(1921). However, the fact that a juror has read a newspaper in which the case is discussed does not entitle the defendant to an automatic mistrial.
 "Even where the jurors receive newspaper accounts of, or comments on, the case, the verdict will not be disturbed if the papers contain nothing calculated to mislead or improperly to affect their minds or to prejudice their verdict, or if the court is satisfied that none of the jurors was influenced thereby. The court is not required to discharge the jury or to reverse the verdict because of a newspaper article which, it is satisfied, the jurors have neither seen nor heard, . . ."
23A C.J.S. Criminal Law, § 1364 (1961).
Here there was no showing that any juror had seen any prejudicial newspaper article or heard any offense news broadcast. The only indication is that some of the jurors heard or read that the jury "hadn't finished" and would "reconvene in the morning."
 III
An adhesive bandage, not introduced into evidence, was found in the jury room after the jury had left the room to announce its verdict. There was absolutely no showing that any of the jurors examined this bandage or considered it in reaching their verdict.
Although the defendant did testify that at the time of the crime his finger was bandaged, this fact was of absolutely no significance to the issues in the trial of this case. We do not see how the presence of the bandage in the jury room, even if it had been observed by the jury, could have possibly or probably prejudiced the defendant. A.R.A.P. 45. Merriweather v.State, 364 So.2d 374 (Ala.Cr.App.), cert. denied, Ex parteMerriweather, 364 So.2d 377 (Ala. 1978). The case of Gillilandv. State, 266 Ala. 24, 93 So.2d 745 (1957), cited by the defendant to support his argument, is distinguishable upon the facts.
We have searched the record and found no error prejudicial to the defendant's right to a fair trial. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur. *Page 1121