The appellant was indicted by a Houston County Grand Jury for violation of Code of Alabama, 1975, Section 13A-8-41, robbery in the first degree. On October 10, 1980, a Houston County Circuit Court jury found the appellant guilty of the charged offense. On January 16, 1981, in a presentencing hearing, the State presented a certified copy of a prior robbery conviction, and appellant admitted he had committed the prior act. The trial court then sentenced appellant to thirty (30) years imprisonment under the Habitual Offender Act.
Debbie Adams, the robbery victim, testified that, around 10:00 a.m. on February 13, 1980, while she was working as a cashier at Sav-A-Minit Foods in Dothan, Alabama, appellant came into the store, asked about money orders, bought a beer, then left. About noon the same day, the appellant re-entered the store and told Debbie that he wanted four one-dollar money orders. When she walked over to get them, he said, "I'll take them all." He then told her, "Lady, I don't want to shoot you," and pulled out a gun, pointing it at her.
Appellant, after taking the money orders, pulled Ms. Adams by the arm to the cash register and took fifty-four dollars out of the cash register. He then demanded that Ms. Adams give him her wallet. After Ms. Adams handed appellant her wallet, which she described as being brown, he tore the phone off the wall, told Ms. Adams to lie down on the floor and left. Ms. Adams then made an in-court identification of appellant as the man who robbed her. She also identified a gun found in a car appellant was in when arrested as the gun used in the robbery. Ms. Adams also testified that she picked out appellant's picture from a photographic array.
The State then called Willie Adams who testified that, while sitting in a car near the Sav-A-Minit some time in February, he saw the appellant walk into the store and leave a few minutes later, carrying something that looked like "a little brown pocketbook or a bag." He also made an in-court identification of appellant as the man he saw enter the store.
Mrs. Clemmie Barnes then testified, stating she was an employee of Hilmac Sporting Goods Store in Enterprise, Alabama, the day the robbery occurred. She testified that appellant tried to purchase goods with money orders. She also made an in-court identification of the appellant.
The State then called Detective Dewey Heath of the Albany, Georgia, Police Department, who testified that he arrested the appellant at the First National Bank in Albany. Detective Heath found thirteen money orders in the car appellant had been riding in that had the same serial numbers as the money orders taken during the robbery. Detective Heath further testified that he found a gun in the car, the gun that Ms. Adams testified was pointed at her during the robbery.
Robert Jenkins, an officer in the Dothan Police Department, who investigated the robbery, testified he talked with Ms. Adams just after the robbery and that she described the assailant, the gun used in the robbery, and what was stolen. He also identified a photograph of the photographic array he had shown Ms. Adams. He testified that Ms. Adams picked out appellant from this group of photographs.
The State rested and appellant called Mike Barefield, who testified he sold appellant a blue Izod windbreaker on February 19, 1980. Ms. Adams had testified that appellant was wearing a blue windbreaker on the day of the robbery.
Appellant then called Mary Walker, a clerk for the Circuit Court in Ozark, Alabama, who testified that, between 11:45 a.m. and 12:30 p.m. on the day of the robbery, appellant, as was his habit, brought her lunch, although she did not actually see appellant bring in the lunch. She stated that she talked with him that day while she ate her lunch. She also testified that appellant did not bring her lunch every day. During cross-examination, Ms. Walker testified that appellant was living with her during this time; and that she was still in love with appellant. *Page 479 
Ms. Elena Clark then took the stand. She testified that she worked with Ms. Walker and knew both Ms. Walker and appellant personally. She also testified that appellant brought Ms. Walker her lunch around noon on the day of the robbery.
Finally, appellant took the stand. He testified that he did not rob the Sav-A-Minit Store, nor was he in Dothan that day. He testified that he got the money orders from a Charles Perkins. He testified he had ridden with Perkins to Enterprise and remained in the car while Perkins attempted to purchase goods at the Hilmac Sporting Goods Store.
Appellant also testified that he had been arrested in Albany, Georgia, and had in his possession the money orders. He testified that he was convicted of forging the money orders in Georgia. He further testified that he was convicted of robbery in 1974 and sentenced to ten years imprisonment. Appellant testified that he had lied when talking to Sergeant Jenkins who was investigating the instant robbery.
Appellant contends that the trial judge committed reversible error in allowing the State to introduce into evidence a photograph of a photographic array Officer Jenkins had shown the victim. Appellant argues that the pictures were prejudicial and their introduction warranted reversal because of the use of mug shots and because the pictures were not properly identified as to accuracy and time.
A review of the record does not support appellant's contention. Appellant's counsel, not the State, introduced the photograph into evidence. The State requested that the photograph be marked as State's Exhibit Three and presented it to Officer Jenkins for identification. Officer Jenkins then testified that, after he showed the photographic array to the victim, Ms. Adams, she identified appellant as the man who robbed her. The State never introduced the photograph into evidence.
Subsequently, during cross-examination of the police officer by appellant, the following exchange occurred:
"MR. HOLLOWAY [attorney for appellant]:
"When did you show her these pictures?
"OFFICER JENKINS: February — February 20th.
"MR. HOLLOWAY: February 20th?
"OFFICER JENKINS: Yes, sir.
 "MR. HOLLOWAY: Now did you ever show her this picture of Mr. Hart?
"OFFICER JENKINS: No, sir, not that picture.
 "MR. HOLLOWAY: I move to offer the pictures in evidence — the picture here that he showed to Mrs. — State's Exhibit 3, I move to make it a defendant — exhibit and offer it in evidence to the jury."
The court then admitted the picture into evidence as defendant's Exhibit One.
The law in Alabama is that, "It does not seem consonant with sound principles of judicial administration to allow a party to introduce evidence and assert on appeal that the trial court erred to reversal by admitting that evidence." Peterson v.Jefferson County, Ala., 372 So.2d 839, 842 (1979). The Peterson
court then quoted 32 A C.J.S. Evidence Section 1040 (1) (1964) as stating that, "[A] party who has introduced certain evidence cannot subsequently object that . . . it should not be given such consideration as its natural probative value entitled it to, or that it is insufficient to sustain a judgment based thereon." (Footnotes omitted.)
This court, although not ruling precisely on the same point, implied the same in Merriweather v. State, Ala.Cr.App.,364 So.2d 374, cert. denied Ex parte Merriweather, Ala.364 So.2d 377 (1978). In that case, the court held that the jury improperly viewed a document in the jury room. The court held that, since both parties shared responsibility of raising any question to the court as to which documents should or should not be allowed to go to the jury room, neither party could complain that the jury improperly viewed a document in the jury room. In Merriweather, both attorneys shared responsibility for the alleged impropriety. In the present case, appellant *Page 480 
was solely responsible for the allegedly prejudicial evidence being introduced. As the Peterson court held, it would violate judicial principles of justice to reverse the trial court for admitting an exhibit that appellant introduced into evidence. See also Chambliss v. State, Ala.Cr.App., 373 So.2d 1185, 1210, cert. denied, Ala., 373 So.2d 1211 (1979).
Appellant cites McKee v. State, 44 So.2d 777, 35 Ala. App. 174, rev. McKee v. State, 44 So.2d 781, 253 Ala. 235 (1950) in support of his argument that the photographic array was not properly introduced. The case is no longer good law on this point because the Supreme Court of Alabama reversed the appellate court on this very issue. McKee v. State,44 So.2d 781, 253 Ala. 235 (1950).
Appellant contends that the trial court committed reversible error when it allowed, over appellant's objection, the State to introduce evidence that appellant was in jail and had escaped.
Appellant claims that the State's sole purpose for introducing such evidence was to reveal to the jury that appellant had a prior criminal record.
The record does not support this contention. The law allows proof of flight in order to shed light on the guilt or innocence of one accused of criminal activity.
Apparently, appellant was in jail for trial in the present case since he was in the Dothan City Jail, although he had been previously tried and convicted in Georgia for forging the money orders stolen in the robbery. The record shows that appellant escaped from the Dothan City Jail on September 13, 1980. This escape was subsequent to the crime for which he was being tried. It would be unreasonable for the jury to infer from this evidence flight after commission of the crime that appellant had a criminal record. Even if such an inference arose, it was rendered harmless by defendant's own admission of prior convictions. The State, in response to appellant's objection, stated that its purpose in introducing the evidence was to show flight.
This court in Casher v. State, Ala.Cr.App., 368 So.2d 565,567, cert. denied Ex parte Casher, Ala., 368 So.2d 567 (1979) recited the general rule of evidence in regard to flight. The court stated that, "Flight has long been held by our courts to be admissible as tending to show an accused's consciousness of guilt. See Gamble, McElroy's Alabama Evidence, 3d Ed. Section 110.01, and cases cited therein."
Specifically, and on point, the Alabama Court of Appeals held that the State may introduce evidence of escape from lawful custody after the case was previously set for trial. Green v.State, 73 So.2d 387, 37 Ala. App. 610 (1954).
The record shows that the case was set for trial on August 26, 1980, and the escape was on September 13, 1980. Therefore, in light of Green, supra, and the general admissibility of evidence of flight, the trial court properly admitted evidence of appellant's escape from jail.
Appellant cites Andrews v. State, Ala.Cr.App., 359 So.2d 1172
(1978), which stated the general rule that any proof which tends to show that an accused is guilty of other offenses is inadmissible. Andrews does not apply because, as discussed above, the record does not support the contention that the evidence was introduced to show other offenses. Instead, the evidence tends to show "consciousness of guilt" and as such had probative value and was properly admitted.
Appellant also contends that the trial court committed reversible error in not declaring a mistrial after the prosecutor made certain remarks in his closing arguments. From the record:
 "MR. HOLLOWAY: I'm going to object to the statement by the state, `What would he have done if Debbie Adams had refused to give him the money?' that's not in evidence.
"THE COURT: I sustain the objection.
"MR. HOLLOWAY: Move for a mistrial.
"THE COURT: Your motion is denied."
This court addressed almost the same issue in another robbery case in Hall v. State, *Page 481 
Ala.Cr.App., 352 So.2d 40, 43 (1977). This court stated:
 "Finally, appellant claims that the trial court erred in overruling his objection to the prosecuting attorney's closing argument. The argument is not set out and we do not know precisely what the prosecuting attorney said. The record reveals the objection and the ruling thereon as follows:
 "`We object to the Prosecutor stating if she hadn't seen him she may not be here to tell us. If she hadn't seen him in the car she may not be able to tell us what happened. The inference being she might have been killed. We object to that as prejudicing the jury.'
"The Court: `Overruled.'
 "Assuming the above was the argument of counsel for the state we do not think it constituted reversible error. We think it is more like the argument in Elston v. State, 56 Ala. App. 299, 321 So.2d 264, (1975), wherein the prosecutor said, `. . . I submit to you ladies and gentlemen of the Court (sic) that we were lucky no one was hurt in the robbery, and the next time that may not be true.'
"In Elston, supra, this court said:
 "`This argument was reasonably calculated to call the jury's attention to the serious aspect of robbery and appeal for law enforcement. It was within the realm of a legitimate appeal to the jury.'"
Beyond the fact that such remarks are not reversible error, the trial court in the present case, unlike the court in Hall, supra, did not overrule appellant's objection to such remarks but instead sustained the objection. Thus, the trial court properly denied appellant's motion for a mistrial.
Finally, appellant claims that the trial court committed reversible error while sentencing appellant under the Habitual Offender Act. Specifically, appellant contends that the trial court, in reviewing appellant's past convictions, improperly accepted a judgment entry into evidence which had a typographical error. Appellant also contends that the trial court committed reversible error in ordering appellant to respond to his inquiry of whether appellant was the same person as the person in the inaccurate judgment entry. Appellant further argues that the trial court erred in not requiring the State to prove that the court convicting appellant of the prior crime had proper jurisdiction. We find no merit in appellant's contentions.
During a pre-sentencing hearing, the State, pursuant to Alabama's Habitual Offender Act, introduced into evidence a certified minute entry of a prior conviction. The minute entry indicated that a black male with the same full name as appellant was convicted by a Houston County Circuit Court of robbery and sentenced to ten years imprisonment. However, the entry listed the defendant's age as 69, while appellant was only 29 at the present trial. The entry also listed the defendant's birthdate as "10-9-5__". (sic)
The State placed the Circuit Clerk of Houston County on the stand. The Clerk had researched the defendant's particular filed used in typing up the 1974 minute entry. The Clerk testified that upon conviction of the robbery, the defendant told the Clerk's office that he was born on 10-9-51. She further testified that, upon receiving this information, she made a notation on the defendant's file. The Clerk produced this file which was numbered the same as the minute entry, and testified that the age on the minute entry was a typographical error which should have read "age 29" and listed "10-9-51" as the date of birth.
The court accepted a copy of this folder as well as the certified minute entry. After appellant's counsel continued to object to its admission, the court asked appellant if he was the same James Otis Crittenden who was convicted of robbery on November 5, 1974. Appellant, over the objection of his counsel, answered that he was.
Rule 6 of the Alabama Rules of Criminal Procedure states that burden of proof is on the state to prove a previous felony conviction. This court has held that a proper method in proving such a prior conviction is the introduction of a certified minute entry. *Page 482 Hope v. State, Ala.Cr.App., 381 So.2d 676 (1980). Therefore the trial court properly considered the offered minute entry as proof of a prior conviction. Any possible error in accepting into evidence the contested minute entry was rendered harmless by the Circuit Clerk's testimony which corrected any error or confusion found in the entry. Rule 45, A.R.A.P.
Moreover, the introduction of a certified minute entry is only one of two acceptable methods of proving prior convictions. Rule 6 of A.R.Cr.P. states that the court may question a defendant in a pre-sentencing hearing on matters relating to possible prior convictions. This court has also held that the admission of a defendant himself is a proper method of proof. Hope, supra. Thus, the questioning was a proper method of ascertaining a prior conviction. Furthermore, appellant, while testifying on his own behalf, had already twice admitted to a prior Houston County Court conviction in 1974 for robbery resulting in a ten-year sentence. The trial court, in asking appellant if he was the defendant named in the judgment entry, was only eliciting information already properly in the record. Therefore the court did not violate defendant's rights by questioning him on this matter.
Appellant also claims that the judgment entry was improperly admitted because it failed to show that the trial court convicting appellant of the prior felony had proper jurisdiction. This court cannot review appellant's claim. The record shows that appellant objected to the admission of the prior conviction only on the specific grounds that the judgment entry was defective because of the age and birthdate errors. Appellant did not object on jurisdictional grounds. The law is well settled in Alabama that specific grounds of an objection to evidence waives all other grounds. Ward v. State, Ala.Cr.App., 376 So.2d 1112, cert. denied Ex parte Ward, Ala.,376 So.2d 1117 (1979).
A careful search of the record does not reflect errors affecting the substantial rights of the appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.